## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD A. BANKS, 11034-025,**

**Petitioner,**

    **vs.**

**UNITED STATES OF AMERICA,**

**Respondent.**　　　　　　　　　　　**Case No. 17-cv-606-DRH**

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Petitioner Edward Banks, who is currently incarcerated in the Gilmer Federal Correctional Institution in Glenville, West Virginia, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in order to request "a Certificate of Appealability authorizing a second or successive 28 U.S.C. § 2255" petition. (Doc. 1, p. 18). As grounds for his relief, he alleges that in his first § 2255 petition, he received ineffective assistance of counsel and that, in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), he no longer qualifies as a career offender and therefore does not deserve the career offender sentence enhancement he received. (Doc. 1, pp. 8. 10).

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." The Petition in the instant case must be dismissed for the following reasons.

First, to bring a petition under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Section 2254's custodial requirement is jurisdictional. *Wickstrom v. Schardt*, 798 F.2d 268, 269–70 (7th Cir. 1986). Here, there is no indication anywhere in the Petition that Petitioner is in custody pursuant to a state judgment. For one, Petitioner admits that he is in federal prison pursuant to a federal sentence, and he does not contest the validity of a state judgment anywhere in his Petition. It also appears, in reviewing Petitioner's previous state convictions, that the state sentences for those judgments have been fully served. Because those state sentences have already been served, his § 2254 Petition before this Court must be denied for jurisdictional reasons. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (prisoner is not in "state custody" under § 2254 where convictions used to enhance his federal sentence have "fully expired"); *see also Andrews v. Warden, FCC Coleman*, 475 F. App'x 747, 747 (11th Cir. 2012) (§ 2254 unavailable for federal prisoner who has "fully served" the state sentence later used to enhance his federal sentence); *Tomlinson v. Mendez*, 9 F. App'x 853, 856 (10th Cir. 2001) (prisoner could not use § 2254 when he was "in federal custody pursuant to a judgment of the federal district court"); *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1989) ("when Sentence A has expired but has been used to augment sentence B, the prisoner is 'in custody' only on sentence B"). For these

reasons, no relief appears available under § 2254, and the Petition must be dismissed.

Further, Petitioner's requested relief – to be granted leave to file a second or successive § 2255 petition – is an inappropriate request to this Court. Before presenting a second or successive § 2255 motion, such a motion "must be certified . . .by a panel of the appropriate *court of appeals*." 28 U.S.C. § 2255(h) (emphasis added). This Court, as a District Court, lacks jurisdiction to grant Petitioner the leave he seeks.

To the extent Petitioner seeks instead a certificate of appealability in order to appeal the outcome of his first § 2255 proceeding, his request is premature as that proceeding, *Banks v. United States*, 16-cv-0693-MJR (S.D. Ill. June 24, 2016), remains ongoing. *See* 28 U.S.C. § 2253 ("In a . . . proceeding under section 2255 before a district judge, the *final order* shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.") (emphasis added).

Finally, to the extent Petitioner seeks to challenge his sentence enhancement under *Mathis v. United States*, 136 S.Ct. 2243 (2016) independently of his ongoing § 2255 Petition, he should be aware that the Seventh Circuit has suggested cases seeking to invoke *Mathis* belong in actions under § 2241. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("An independent claim based on Mathis must be brought, if at all, in a petition under 28 U.S.C. § 2241."). The Petition pending before this Court was filed pursuant to

28 U.S.C. § 2254 and cannot be re-characterized as a § 2241 motion. *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (holding that "judges must respect the plaintiff's choice of statute to invoke . . . and give the action the treatment appropriate under that law."). Further, if Petitioner chooses to file a separate § 2241 petition, the proper venue for filing a § 2241 petition that challenges a federal conviction is in the district of the petitioner's confinement, which is not this District at the present moment. *Wyatt v. United States*, 574 F.3d 455, 459-60 (7th Cir. 2009) (citing *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004)). *See also Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Petitioner will be mailed a § 2241 form so that he may file a § 2241 petition in the appropriate District if he so chooses.

Pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, nothing in the Petition suggests that jurists of reason

would debate the correctness of the Court's ruling or find a valid claim of the denial of a constitutional right. As such, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** for want of jurisdiction.

The **CLERK** is hereby **DIRECTED** to send a copy of a 28 U.S.C. § 2241 petition form to Petitioner at the address listed in his Petition.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED: June 12, 2017**

Judge Herndon
2017.06.12
16:48:02 -05'00'

**United States District Judge**